JOSÉ MARÍA FRANCESCHI ET AL., Petitioners, *v.* DISTRICT COURT OF PONCE, ET AL., Respondents.

No. 6288. Argued April 3, 1933.—Decided November 7, 1933.

*Henry G. Molina* and *M. León Parra* for appellants. *López de Tord & Zayas Pizarro* in their own behalf.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

The testamentary heirs of José María Franceschi have moved to compel Messrs. López de Tord and Zayas Pizarro, attorneys for the judicial administration of the estate of said Mr. Franceschi, the delivery of all such original documents or copies in their possession as are related to the property, securities, obligations, and claims belonging to the hereditary estate left by Francisco María Franceschi, including the copies of all briefs, letters, receipts, memoranda, and everything they may have received or prepared in their capacity as such attorneys.

Messrs. López de Tord and Zayas Pizarro allege that they only keep in their possession some letters, and copies of pleadings, letters, and other documents belonging exclusively to them and the originals of which are available to the heirs in the files of the courts. They contested the motion as being

insufficient in so far as copies of briefs and letters are requested, and they further alleged that the attorneys have a retaining lien upon all the documents and bonds that may be in their possession by reason of their employment.

After considering the allegations and briefs of the parties, the lower court denied the motion on the ground that there is a lien in Puerto Rico by virtue of which an attorney has the right to retain all the documents and papers, including the securities, of his client which he may have received in the ordinary course of his dealings, until his fees shall have been liquidated and paid.

The appellees urge in the first place that the order of the District Court of Ponce is not appealable, and that the appeal taken therefrom is frivolous. The hearing of the motion to dismiss was held on the same day on which the appeal was heard on the merits in order to be decided in the event the dismissal sought were denied.

We think that an appealable order is involved. The order of the lower court finally determines the rights of the parties with respect to the documents claimed, and in our opinion it has the character of a judgment.

The appeal taken seems clearly frivolous to us. Its frivolousness appears, we think, from the very motion seeking the delivery of the documents. As alleged in that motion, Messrs. López de Tord and Zayas Pizarro received a letter from the heirs which textually reads as follows:

"Messrs. López de Tord and Zayas Pizarro,—Ponce, P. R.—Gentlemen: Inasmuch as you have ceased to be the attorneys of the Succession of Franceschi and of the Judicial Administrator, and it is necessary that our new attorney, Mr. Henry G. Molina, examine all the records of the various cases you have handled, we ask you to kindly deliver to us all said records as well as all other documents relating to the property of the Sucn. of Franceschi which you may have in your possession and received in your capacity as such attorneys. Should you at any time need said records for claiming your fees, we shall have them at your disposal.—Very truly yours, (Sgd.) Marcos Vecchini—Pablo Vecchini—J. M. Franceschi."

In this letter the heirs admit that the attorneys may need, for the purpose of claiming their fees, the records whose delivery they seek, and offer to have them at their disposal.

Apart from any views that this court may hold with regard to this alleged retaining lien affecting the documents and securities, we think that the motion of the heirs can not prosper, as we do not know of any law which requires the attorneys to deliver the copies of the pleadings held by them and which they may need for their own protection. Messrs. López de Tord and Zayas Pizarro could have acceded to the request of the heirs and voluntarily surrendered the documents; but as long as they have manifested their objection, it is not possible to compel them to effect a delivery by virtue of a judicial order. It is inferred from the motion itself that the greater part of the documents claimed is composed of writings and pleadings filed in the courts of justice, which are available to the heirs.

Moreover, by the motion of the heirs the surrender is sought of all the documents which may have come into possession of the attorneys in relation to the hereditary estate, but without specifying the documents claimed so that in case a delivery were judicially ordered, the officer charged with the execution of the order might identify the documents he was to seize. Such as the motion is worded, the fulfillment of the request of the heirs is left at the will of the attorneys, since it is not known which are the documents claimed and to be delivered. The allegation that the appellees should deliver all the documents related to the hereditary estate which may have come into their possession is open to the charge of vagueness and lack of precision, and any order that the court might issue to make it effective would be difficult to execute.

For the reasons stated we hold that the appeal taken is frivolous and must be dismissed.